

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

PETER GERACE, JR.,

Defendant.

19-CR-227
23-CR-37

## PRELIMINARY ORDER OF FORFEITURE

**WHEREAS,** the Second Superseding Indictment (19-CR-227) contained notice to the Defendant that upon his conviction of Title 21, United States Code, Section 856(a)(1) (Maintaining a Drug-Involved Premises); Title 21, United States Code, Section 846 (Conspiracy to Distribute Controlled Substances and Maintain Drug-Involved Premises); and Title 18, United States Code, Section 1594(c) (Conspiracy to Commit Sex Trafficking), the United States will seek forfeiture of:

### REAL PROPERTY

> The premises, buildings, appurtenances, improvements, fixtures, and real property located at **999 Aero Drive, Cheektowaga, New York**, bearing SBL 81.04-2-7.2, and more fully described in Schedule A of the deed filed and recorded in Erie County Clerk's Office, on June 1, 2009 in Book 11162 of Deeds at Page 6131, attached hereto and incorporated herein by reference (hereinafter referred to as "999 Aero Drive").

pursuant to Title 21, United States Code, Sections 853(a)(1), 853(a)(2), and 853(p), and Title 18, United States Code, Sections 1594(d)(1), 1594(d)(2) and 853(p). *Second Superseding Indictment* (19-CR-227), ECF 89, p. 42–45;

**WHEREAS,** on or about December 27, 2024, a jury found the Defendant guilty of Count 3: Title 21, United States Code, Section 856(a)(1) (Maintaining a Drug-Involved Premises); Count 4: Title 21, United States Code, Section 846 (Conspiracy to Distribute Controlled Substances and Maintain Drug-Involved Premises); and Count 5: Title 18, United States Code, Section 1594(c) (Conspiracy to Commit Sex Trafficking). *See Jury Verdict*, ECF 1426;

**WHEREAS,** on or about May 28, 2025, the United States filed a Motion for Forfeiture of Property, seeking the forfeiture of 999 Aero Drive, pursuant to Rule 32.2(b) of the Federal Rules of Criminal Procedure, Title 21, United States Code, Section 853(a)(2) and Title 18, United States Code, Section 1594(d)(1); and

**WHEREAS,** the Court hereby finds and determines that 999 Aero Drive is subject to forfeiture pursuant to Title 21, United States Code, Section 853(a)(2) and Title 18, United States Code, Section 1594(d)(1) as: (A) property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the Defendant's violations of Title 21, United States Code, Section 856(a)(1) (Maintaining a Drug-Involved Premises) and Title 21, United States Code, Section 846 (Conspiracy to Distribute Controlled Substances and Maintain Drug-Involved Premises); and (B) property, real or personal, that was involved in, used, or intended to be used to commit or to facilitate the commission of the Defendant's violation of Title 18, United States Code, Section 1594(c) (Conspiracy to Commit Sex Trafficking), and any property traceable to such property,

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), Title 21, United States Code, Section 853(a)(2), and Title 18, United States Code, Section 1594(d)(1), the Defendant shall forfeit all right, title, and interest in 999 Aero Drive; it is further

ORDERED, ADJUDGED, AND DECREED, that pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), and Title 21, United States Code, Section 853(g), the United States of America is authorized to take all steps necessary and appropriate to protect its interest in 999 Aero Drive. The United States is authorized to seize and take actual possession of the real property; however, it will not do so without further order of the Court. Pursuant to such authority, effective immediately and until further order of the Court, and upon notice to the United States and an opportunity for the United States to be heard, the Defendant and his attorneys, agents, servants, employees, family members, persons or entities acting in concert or participation with any of the foregoing; and all persons or entities having actual knowledge of this Order, shall not: (A) directly or indirectly, attempt, cause, take or complete any action that would affect the availability, marketability or value of 999 Aero Drive, including but not limited to selling, transferring, assigning, pledging, distributing, encumbering, wasting, dissipating, secreting, depreciating, damaging, transferring, hypothecating, or disposing of, in any manner; or in any way diminishing the value of all or part of 999 Aero Drive and its fixtures ; and (B) engage in any illegal activity with 999 Aero Drive or knowingly allow any illegal activity to occur with 999 Aero Drive. Any income accruing to or derived from 999 Aero Drive may be used to offset ordinary and necessary expenses to the property which are

required by law, or which are necessary to protect the interests of the United States or third parties; it is further

**ORDERED, ADJUDGED, AND DECREED,** that if 999 Aero Drive or fixtures within 999 Aero Drive have been transferred or disposed of by any means, the owners of 999 Aero Drive shall account to the Court for the disposition and location of 999 Aero Drive within fourteen (14) days from the date of this Order; it is further

**ORDERED, ADJUDGED, AND DECREED,** during the pendency of the criminal ancillary proceeding, the owners of 999 Aero Drive are required to maintain the present condition of 999 Aero Drive, including timely payment of all mortgage and lien payments, insurance, utilities, taxes, and assessments until further order of this Court; it is further

**ORDERED, ADJUDGED, AND DECREED,** that pursuant to Federal Rule of Criminal Procedure 32.2(b)(3) and Title 21, United States Code, Section 853(h), the Attorney General, through the United States Attorney's Office and/or any other duly authorized federal agency, shall direct the disposition of 999 Aero Drive making due provision for the rights of any innocent persons; it is further

**ORDERED, ADJUDGED, AND DECREED,** that any financial institutions/lender holding liens or mortgages on 999 Aero Drive shall respond promptly to requests by the United States for information on said liens or mortgages current status; it is further

**ORDERED, ADJUDGED, AND DECREED,** that pursuant to Title 21, United States Code, Section 853(i), upon entry of this Order, the Court hereby authorizes the Attorney General, through the United States Department of Homeland Security – Homeland Security Investigations, to take the appropriate measures necessary to safeguard and maintain property ordered forfeited under this section pending its disposition. The Department of Homeland Security – Homeland Security Investigations, is further granted full inspection and access rights to 999 Aero Drive and is authorized to enter into occupancy agreements with any of the occupants of 999 Aero Drive. If any persons or occupants are determined to have violated this Order or is otherwise encumbering, wasting, dissipating, secreting, depreciating, damaging, transferring, hypothecating, or disposing of, in any manner; or in any way diminishing the value of all or part of 999 Aero Drive and its fixtures, The Department of Homeland Security – Homeland Security Investigations is authorized to physically remove such occupants as it deems necessary in order to protect, maintain, or dispose of 999 Aero Drive; and it is further

**ORDERED, ADJUDGED, AND DECREED,** that pursuant to Federal Rule of Criminal Procedure 32.2(b)(6)(A) and Title 21, United States Code, Section 853(n)(1), the United States shall publish notice of this Order and of its intent to dispose of 999 Aero Drive in such manner as the Attorney General, through the United States Attorney's Office and/or any other duly authorized federal agency, may direct. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in any portion of 999 Aero Drive, as a substitute for published notice as to those persons so notified; it is further

**ORDERED, ADJUDGED, AND DECREED,** that pursuant to Title 21, United States Code, Section 853(n)(2), any person, other than the Defendant, having or claiming a legal interest in 999 Aero Drive, must file a petition with the court within thirty (30) days of the final publication of notice, or of receipt of actual notice, whichever is earlier, for a hearing to adjudicate the validity of the petitioner's alleged interest in 999 Aero Drive; it is further

**ORDERED, ADJUDGED, AND DECREED,** that pursuant to Title 21, United States Code, Section 853(n)(3), any petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in 999 Aero Drive, and any additional facts supporting the petitioner's claim, and the relief sought; it is further

**ORDERED, ADJUDGED, AND DECREED,** pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A) and (B), this Preliminary Order shall become final as to the Defendant at the time of the Defendant's sentencing and shall be made part of the Defendant's sentence and included in his judgment of conviction. If no third-party files a timely petition, this Preliminary Order, together with Supplemental Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2).

At that time, 999 Aero Drive shall be forfeited to the United States for disposition in accordance with the law.

**SO ORDERED.**

Dated: _____May 6_____, 2026
Buffalo, New York

_____
HON. LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE

## SCHEDULE A
### Legal Description

ALL THAT TRACT OR PARCEL OF LAND, situate in the Town of Cheektowaga, County of Erie and State of New York, being part of lot No. 80, Township 11, Range 7 of the Holland Land Company's Survey, bounded and described as follows:

BEGINNING at a point in the north line of Pfohl Road, 462 feet easterly from the intersection of the north line of Pfohl Road with the east line of Rein Road; thence northerly forming an interior of 90 degrees, 10 minutes, 10 seconds 188.57 feet to the true point or place of beginning; thence continuing northerly, 648.29 feet to the southeasterly line of Aero Drive; thence northeasterly along the said southeasterly line of Aero Drive, 238.14 feet; thence southerly parallel with the west line of Lot No. 80, 707.12 feet to a point 188.57 feet northerly from the northerly line of Pfohl Road; thence westerly parallel to the northerly line of Pfohl Road, 231 feet to the point of beginning.